# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Abdallah Al-Anazi and Sadaqa National, Inc.,

        Plaintiffs,

v.

Frederick-Thompson Company d/b/a FTI, and Bill Thompson Transport, Inc.,

        Defendants.

_____/

Case No. 15-cv-12928

Judith E. Levy
United States District Judge

Mag. Judge R. Steven Whalen

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT [64], TERMINATING MOTION TO CERTIFY CLASS [48], AND DENYING WITHOUT PREJUDICE MOTION TO STRIKE AFFIDAVIT OF WADE THOMPSON [63]**

On August 11, 2016, the Court set a scheduling order establishing September 12, 2016 as the deadline for plaintiff Abdallah Al-Anazi to amend the complaint. (Dkt. 33.) On September 6, 2016, plaintiff filed an amended complaint, adding his company, Sadaqa National, Inc., as a plaintiff. (Dkt. 36.) On February 17, 2017, plaintiffs filed a combined motion to certify a class and amend the complaint to add new class representatives. (Dkt. 48.)

That motion had two flaws. First, it was procedurally improper, because it failed to attach a copy of the amended complaint. E.D. Mich. Local R. 15.1. Second, it was substantively deficient, because it sought to add class representatives without identifying them. (*See* Dkt. 48 at 21-22.) On March 27, 2017, the Court held a telephonic hearing concerning, in part, plaintiffs' combined motion. During that hearing, the Court and the parties discussed the issues with plaintiffs' combined motion. The Court granted plaintiffs leave to file a proper and separate motion for leave to amend the complaint, and because of the additional time required to file the brief, suspended the remaining dates on the scheduling order pending a decision on the motion to amend. (Dkt. 61.)

Plaintiffs filed their motion for leave to amend the complaint on April 2, 2017, (Dkt. 64), and it is now fully briefed and ready for adjudication.

Plaintiffs seek leave to add two named class representatives to their complaint: Anthony Coleman and Ralph Ross. (Dkt. 64 at 9.) Coleman was disclosed to plaintiffs in a discovery production provided on August 10, 2016. (Dkt. 67 at 4.) Ross was disclosed to plaintiffs in a discovery production containing information relating to numerous

2

potential class representatives, issued on January 4, 2017. (Dkt. 64 at 12.) Plaintiffs did not file a motion identifying either person as a potential class member until April 2, 2017.

Fed. R. Civ. P. 15(a)(2) states that after an initial period permitting a plaintiff to amend once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, Fed. R. Civ. P. 16(b)(3) requires the Court to set a scheduling order limiting the time to, among other things, "amend the pleadings." After a scheduling order is set, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

These two provisions may seem facially contradictory, with one creating a liberal amendment standard and the other limiting the ability to amend the complaint pending a showing of good cause by a plaintiff. However, the purpose of Rule 16 is to "ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing Fed R. Civ. P. 16, 1983 advisory notes). The "good cause" requirement ensures the movant's "diligence in attempting to meet the case management order's

requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

Here, plaintiffs filed a motion for leave to amend their complaint to add new class representatives nearly seven months after the deadline to amend the complaint set in the Court's scheduling order. Plaintiffs argue that this case has no scheduling order, because the Court suspended "[a]ll scheduling order dates" pending a ruling on this motion. (Dkt. 61 at 1.) Because there is no scheduling order, plaintiffs contend, Rule 16 cannot apply, and they are bound only by Rule 15's liberal amendment standard.

In suspending the remaining scheduling order dates pending a ruling on this motion to amend the complaint, the Court modified the scheduling order pursuant to Rule 16(b)(4). The Court had good cause to do so, given that the numerous extensions for plaintiffs' class certification motion, coupled with the need to have plaintiffs refile their deficient motion to amend, would have let plaintiffs alter the complaint after discovery closed on May 1, 2017. (*See* Dkt. 33.) Modification of a scheduling order, even when the dates remain undetermined pending a decision on a motion that may increase the amount and type of

4

discovery needed, does not abolish the scheduling order. Additionally, the date set for amending the complaint has remained constant, and no subsequent modification has retroactively eliminated or amended that date.

Plaintiffs also argue that the Court, having set a new deadline to file a compliant *motion* for leave to amend, "*granted* leave to allow for Plaintiffs to file their Second Amended Complaint in compliance with the local court rules." (Dkt. 69 at 2 (citing Dkt. 61) (emphasis in original).) This is inaccurate. The Court set a date for plaintiffs to correct the deficiencies in their combined motion seeking leave to file an amended complaint. The Court did not set a new date for plaintiffs to amend the complaint, and no amendment was permitted in the Court's March 30, 2017 order.

There are many reasons a plaintiff might have to wait to file a motion to amend a complaint to add new named class representatives, particularly in a case involving truck drivers, whose lives are less fixed than people in most other lines of employment. This is doubly so where numerous potential class representatives were identified on January 4, 2017, and plaintiffs needed to contact those people to determine

whether they were suitable and willing to serve as class representatives.

Without a showing of good cause, a delay of roughly two months after an amendment deadline is sufficient to deny a motion for leave to amend a complaint. *See Johnson v. Metro. Gov't of Nashville and Davidson Cnty., Tenn.*, 502 F. App'x 523, 541 (6th Cir. 2012) (upholding denial of a motion for leave to amend filed "over two months" after a scheduling order deadline). Plaintiffs do not articulate the good cause for their delay, but do establish the timeline of discovery and filings that led to their current motion to amend.

Despite plaintiffs' failure to articulate their explanation as good cause, such cause is apparent from the timeline of events provided by plaintiffs. The earliest plaintiffs could have filed a motion to amend was at some reasonable point after January 4, 2017, following an opportunity to contact the list of potential class representatives that defendants provided. They filed that motion on February 17, 2017, but did not identify the potential class representatives. On March 27, 2017, the Court instructed plaintiffs to refile the motion properly, and they did so six days later. To the extent there was an unreasonable delay, it

6

was in the period between February 17, 2017, and March 27, 2017, a period of roughly six weeks. Plaintiffs then corrected their error within one week.

Plaintiffs had good cause to file a motion to amend after the scheduling order deadline through February 17, 2017, based on the date of production of a list of potential class representatives. In the period between February 17 and April 2, 2017, plaintiffs had an active, yet deficient, motion to amend that required resubmission, which they promptly did in compliance with the Court's order. The Court will not disregard the good cause plaintiffs had to file the first motion to amend because it required a correction, particularly where defendants have not shown that the error was committed in bad faith. Accordingly, sufficient good cause has been shown with regard to the timing of the properly filed motion.

In determining whether good cause has been shown, an "important consideration for a district court deciding whether Rule 16's good cause standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (internal quote marks and citation omitted). It is unclear, however, whether a

showing of prejudice is necessary to demonstrate a lack of good cause, or simply "another relevant consideration" alongside or subsidiary to the moving party's diligence. *Inge*, 281 F.3d at 625.

A review of Sixth Circuit case law shows that prejudice to the opposing party may support a finding that good cause has not been shown, but is not required to be shown where the moving party has failed to demonstrate its own diligence. *See Johnson*, 502 F. App'x at 541 (upholding denial of an amendment without a finding of prejudice), *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010) (holding that prejudice is "merely a consideration" in the good cause analysis, and that a plaintiff "must . . . explain why he failed to move for the amendment at a time that would not have required a modification of the scheduling order.").

If leave to amend is granted, the prejudice to defendants will be small. Defendants argue that plaintiffs have had a preview of the tactics defendants will use to attack the suitability of a proposed class representative, and may adjust their preparation for their other proposed representatives accordingly. However, because there are multiple proposed class representatives, defending multiple depositions

would have already permitted plaintiffs to adjust for the later-taken depositions, and each deponent will be under oath to testify truthfully. Defendants also argue that the current scheduling order lacks sufficient time to permit them to take discovery. However, the scheduling order can and will be adjusted to permit defendants sufficient time to take discovery before the class certification motion is decided.

Further, defendants argue that because briefing has already occurred in this case with regard to class certification, granting a motion to amend will allow plaintiffs to proceed with knowledge of defendants' arguments, and without requisite time to take discovery before opposing the newly proposed class representatives. However, if leave to amend is granted, the motion for class certification will have to be refiled to reflect the additional class representatives. Additional time will be given for discovery before the amended motion is required to be filed.

Finally, defendants argue that it would be futile to add Ross as a class representative because he did not suffer the requisite harm, as proven by records and an affidavit not attached to the complaint. However, at the motion to amend stage, futility is determined by

9

whether a complaint can survive a motion to dismiss. *Sanford v. DTE Energy Co.*, Case No. 07-cv-15451, 2009 WL 1449087, at *1 (E.D. Mich. May 21, 2009) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The amended complaint sufficiently and plausibly pleads that Ross is a proper class representative. The proper place for defendants to present their additional evidence is in response to the motion for class certification.

The Court will reluctantly grant the motion to amend the complaint. Because the motion for class certification does not mention the two new proposed class representatives, the current motion will be terminated, and time given to defendants to depose the additional proposed class representatives.

For the reasons set forth above, it is hereby ordered that:

Plaintiffs' motion to amend the complaint (Dkt. 64) is GRANTED;

Plaintiffs' motion to certify the class (Dkt. 48) is TERMINATED;

Plaintiffs' motion to strike the affidavit of Wade Thompson (Dkt. 63) is DENIED WITHOUT PREJUDICE;

Plaintiffs are instructed to file a motion for class certification no later than **August 11, 2017**, and defendants' response is due no later than **September 1, 2017**;

Defendants must be permitted to depose Coleman and Ross before any motion for class certification is filed; and

All other scheduling dates will be set following hearing or decision on the motion for class certification if no hearing is held.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: June 7, 2017 | s/Judith E. Levy |
| Ann Arbor, Michigan | JUDITH E. LEVY |

United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 7, 2017.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager